IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL F. SCHULZE, | ) | CIVIL NO. 19-00669 JAO-WRP |
|---|---|---|
| Petitioner, | ) ) ) | ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| vs. | ) ) | |
| FEDERAL BUREAU OF PRISONS, | ) ) | |
| Respondent. | ) ) ) | |

## ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Michael F. Schulze ("Petitioner") is incarcerated at the Federal Detention Center ("FDC") in Honolulu, Hawai'i. He filed the instant Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, asserting four grounds for relief: (1) Respondent Federal Bureau of Prison's ("BOP")[1] interpretation of the term "imprisonment" under 18 U.S.C. § 3621(b) violates the Administrative Procedures Act ("APA"), 5 U.S.C. § 706; (2) the BOP violated Petitioner's Fifth Amendment procedural and substantive due process rights by transferring him to a minimum security prison camp to FDC, an administrative security facility, for the

---

[1] The proper respondent is the warden of the facility where the petitioner is held. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held.").

sole purpose of increasing its budget; (3) the BOP acted contrary to § 3621(b) and violated his liberty interest by transferring him without ascertaining his preference; and (4) 28 C.F.R. § 542.15(b)(1) violates § 706(2)(A) because it obstructs First Amendment access to the courts. Pet. at 7-8. Petitioner also filed an Emergency Motion for Preliminary Injunction.[2] ECF No. 2. For the reasons articulated below, the Court DISMISSES the Petition for lack of jurisdiction and DENIES a certificate of appealability.

## STANDARD OF REVIEW

When a federal or state prisoner contends that he "is in custody in violation of the Constitution or laws or treaties of the United States," § 2241 confers a general grant of habeas jurisdiction. 28 U.S.C. § 2241(a) and (c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

---

[2] In the Petition, Petitioner directs the Court to "see attached Memorandum and Exhibits." However, he did not attach a memorandum or exhibits to the Petition. To the extent Petitioner is referencing his Emergency Motion, it is not part of the Petition and in evaluating the sufficiency of the Petition, the Court does not consider the arguments therein.

2

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), also applicable to § 2241,[3] requires courts to conduct a preliminary review of each petition for writ of habeas corpus. *See* Rule 4. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the district court must summarily dismiss the petition. *Id.* The district court should not dismiss a habeas petition "without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## DISCUSSION

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Habeas relief extends to a prisoner in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A petitioner challenging the manner, location, or conditions of the execution of his sentence must file a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See, e.g.*, *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990) (distinguishing between a § 2255 petition, which tests the imposed sentence, with a § 2241, which tests the sentence "as it is being

---

[3] *See* Rule 1(b).

3

executed"). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad*, 540 U.S. at 750 (citation omitted); *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (holding that a prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence).

By contrast, claims that challenge conditions of confinement, and which would not necessarily impact the fact or duration of confinement do not fall within "the core of habeas corpus" and must be brought under § 1983. *See Nettles*, 830 F.3d at 934-35; *Muhammad*, 540 U.S. at 750 ("[R]equests for relief turning on circumstances of confinement may be presented in a § 1983 action."). In the federal context, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provides a remedy for civil rights violations by federal actors.

The crux of Petitioner's arguments is that his transfer to FDC violated his Constitutional rights and the APA.

A. APA

The APA authorizes judicial review for an individual "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," 5 U.S.C. § 702, unless "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by

law." 5 U.S.C. § 701(a)[4]; *see Reeb v. Thomas*, 636 F.3d 1224, 1226 (9th Cir. 2011). Section 3621 of Title 18 of the U.S. Code authorizes the BOP to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). Indeed, the BOP "may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another." *Id.* And "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under [§ 3621(b)] *is not reviewable by any court*." *Id.* (emphasis added).

---

[4] Petitioner cites § 706, which provides:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
>
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . .
>
> . . . .
>
> In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

5 U.S.C. § 706.

Section 3625 of Title 18 of the U.S. Code, titled "Inapplicability of the Administrative Procedures Act," plainly "specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, do not apply to 'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621-3624." *Reeb*, 636 F.3d at 1227. As explained above, § 3621(b) vests the BOP with the authority to determine where a prisoner will serve his imprisonment. Allowing prisoners to file habeas petitions under § 2241 to challenge the BOP's discretionary determinations pursuant to § 3621 would contravene § 3625. *See id.* Because the BOP's substantive decisions regarding a prisoner's place of imprisonment are not reviewable, "federal courts lack jurisdiction to review the BOP's . . . determinations made pursuant to 18 U.S.C. § 3621."[5] *Id.* at 1227-28. The Court accordingly lacks jurisdiction to review the BOP's decision to transfer Petitioner to FDC. Thus, the Petition is DISMISSED to the extent it seeks judicial review of the BOP's decision to transfer him to FDC.

B. Constitutional Allegations

Petitioner also alleges that the BOP violated his Fifth Amendment substantive and procedural due process rights by transferring him to FDC, and that

---

[5] Aggrieved inmates should instead raise such challenges under the BOP's Administrative Remedy Program, 28 C.F.R. § 542.10-19. *See id.* at 1227.

6

§ 542.15(b)(1)[6] violates the APA by interfering with First Amendment access to the courts. However, Petitioner has not explained how the *execution* of his sentence is violating his civil rights under the Constitution, nor does he challenge the execution, duration, or legality of his sentence. Rather, his allegations concern the conditions of his confinement, which are not cognizable pursuant to § 2241. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."). Even if the Court granted leave to amend the Constitutional claims, it does not appear that Petitioner could plead a viable claim for habeas relief because the crux of the claims fall outside the province of § 2241. Accordingly, the Petition is DISMISSED.

---

[6] Section 542.15(b)(1) provides:

> Appeals to the Regional Director shall be submitted on the form designed for regional Appeals (BP–10) and accompanied by one complete copy or duplicate original of the institution Request and response. Appeals to the General Counsel shall be submitted on the form designed for Central Office Appeals (BP–11) and accompanied by one complete copy or duplicate original of the institution and regional filings and their responses. Appeals shall state specifically the reason for appeal.

28 C.F.R. § 542.15(b)(1).

C. <u>Recharacterization of the Petition is Inappropriate</u>

In appropriate circumstances, courts have the discretion to convert a habeas petition to a prisoner civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006); *Nettles*, 830 F.3d at 936 (holding that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983). However, recharacterization is appropriate only if the petition is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. *Nettles*, 830 F.3d at 936.

The Court finds that recharacterization would be inappropriate in this case. First, Petitioner's Fifth Amendment claim is not cognizable. It is well established that a prisoner has no right to incarceration in a particular place; that designation rests exclusively with the BOP. *See* 18 U.S.C. § 3621; *cf. Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution does not "protect a duly convicted prisoner against transfer from one institution to another"); *Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991) ("When prison officials have legitimate administrative authority, such as the discretion to move inmates from prison to prison or from cell to cell, the Due Process Clause imposes few restrictions on the

use of that authority, regardless of any additional motives which are claimed to exist.[] It doesn't matter what label is placed on the action or what other reasons may be behind it; nor is it relevant that the conditions of confinement may become less pleasant as a result.").

Second, prisoner civil rights actions are subject to different requirements than are federal habeas proceedings, including higher filing fees. The filing fee for a prisoner civil rights complaint proceeding in forma pauperis is $350.00[7] compared to the substantially lower $5.00 filing fee for habeas petitions. *See* 28 U.S.C. § 1914(a). The $350.00 fee may be deducted in full over time from a qualified prisoner's prison trust account. *See* 28 U.S.C. § 1915(b)(1). Petitioner may be unwilling to pay the considerably higher filing fee for a civil rights action.

Third, the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all claims relating to prison life that do not implicate the duration of a prisoner's

---

[7] The $400.00 filing fee for a civil action includes a $50.00 administration fee, which does not apply to applications for a writ of habeas corpus or to individuals granted in forma pauperis status. *See* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14.

9

sentence. *See Porter v. Nussle*, 534 U.S. 516, 523, 532 (2002) ("[F]ederal prisoners suing under *Bivens* [] must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit."). Exhaustion is a prerequisite to bringing a civil rights action that cannot be excused by a district court. *See Woodford*, 548 U.S. at 85; *Booth v. Churner*, 532 U.S. 731, 739 (2001). Petitioner concedes that the facts underlying his First Amendment claim arose during his efforts to exhaust administrative remedies. Pet. at 8. It therefore appears that he has not exhausted inmate grievance procedures.

Finally, habeas petitions and civil rights actions are governed by different pleading standards. Federal Rule of Civil Procedure 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Proc. 8(a)(2), whereas Habeas Rule 2(c) requires a more detailed statement. The Habeas Rules instruct petitioners to "specify all the grounds for relief available" and "the facts supporting each ground." Rule 2(c). Petitioner's conclusory claims satisfy neither of these standards and are subject to dismissal. The Court therefore declines to recharacterize the action.

## CONCLUSION

In accordance with the foregoing, the Court makes the following determinations:

(1) The Petition is DISMISSED.

(2) To the extent Petitioner raises conditions of confinement claims that do not impact the duration or fact of his detention, those claims are DISMISSED without prejudice to raising them in a civil rights action.

(3) Petitioner cannot make a substantial showing that reasonable jurists would find the dismissal of his Petition either debatable or incorrect, therefore any request for a certificate of appealability is DENIED. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); Rule 11(a).

(4) Because the Court is without jurisdiction to review BOP determinations made pursuant to § 3621, it cannot address Petitioner's Emergency Motion for Preliminary Injunction.[8]

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, December 20, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 19-00669 JAO-WRP; *Schulze v. Federal Bureau of Prisons*; ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

---

[8] In any event, the Emergency Motion requests relief that is not the subject of the Petition. In the Emergency Motion, Petitioner asks the Court to order the BOP to place him and other minimum custody prisoners at FDC in a separate housing unit than pretrial defendants, probation violators, higher custody prisoners, and unclassified sentence inmates. ECF No. 2 at 1.